## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

UNITED STATES OF AMERICA,                              Civil Action No. 77 C 1881

          Plaintiff,

   v.

NASSAU COUNTY, et al.,

          Defendants.

-------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND ORDER

      The Court enters this Confidentiality Stipulation and Order, upon the request of County of Nassau County, the Commissioner Of Police and the Nassau County Civil Service Commissioners (the "County") and the United States of America (the "Government"), for the purpose of assuring the confidentiality and protection of certain confidential or proprietary information, including, but not limited to, the personal information of non-party employees and candidates for employment with the County, that the Governments seek with respect to the employment selection procedures within the County's Police Department. The improper disclosure of this confidential or proprietary information may compromise legitimate interests of the County in the integrity of its employment selection procedures as well as the privacy interests of the affected non-parties, and otherwise result in annoyance, embarrassment, oppression, undue burden or expenses to the County and the non-parties.

      1.    As used in this Confidentiality Stipulation and Order, the term "confidential information" refers to any document, information contained in a document or information that is disclosed or revealed by the County, the Government, and/or the expert

consultants retained by either the County or the Government, regardless of method of disclosure, that the County or the Government has determined, in good faith, should be designated as confidential to protect the interests of the County or of non-parties, or has otherwise determined is confidential, proprietary, or personal in nature and which has been designated as "Confidential" or "Attorney Eyes Only" in one or more of the following ways:

        a.      Information set forth in an answer to an interrogatory may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Attorney eyes only" or by marking the responses as "Confidential."

        b.      Information contained in any document or part thereof may be so designated by marking the word "Confidential" or "Attorney Eyes Only" on the first page of the document and all copies of it delivered to the Government, or its counsel or by giving written notice to the Government's counsel, describing the document or part thereof, either specifically or by category, that is designated as confidential.

        c.      Information contained in an answer to any question asked during an oral deposition may be designated "Confidential" or "Attorney Eyes Only" by a statement made on the record during the course of the deposition on the same day that the answer is given or by a writing served subsequently on Government's counsel.

        d.      In the case of electronic data, by electronically marking the data as "Confidential" or "Attorney Eyes Only" or by giving written notice to counsel, describing the data or part thereof either specifically or by category.

        e.      By other reasonable and mutually acceptable means.

    2.      Confidential information disclosed by and/or designated by the County under this Confidentiality Stipulation and Order:

        a.      Shall be used by the Government, its respective counsel, and any expert witnesses, advisors and consulting firms retained by the Government only for purposes

of reviewing, evaluating, and seeking relief with respect to, the County's compliance with the Consent Decree.

b.      Shall not be published to the general public in any form by the Government, its respective counsel, or any independent expert witnesses, advisors and consulting firms retained by the Government counsel, or any independent expert witnesses, advisors and consulting firms retained by the Government for any purpose other than those specified in Paragraph 2(a) above.

c.      Shall be disclosed by the Government and its counsel only to the following persons insofar as it is reasonably necessary to the protection or defense of this action;

     i.      The Government's employees or officials;

     ii.      The Government's attorneys of record, the supervisors within the Department of Justice, and their respective staffs, other counsel and staff within the Civil Rights Division of the Department of Justice;

     iii.      The Government's experts and consultants;

     iv.      The County's experts and consultants;

     v.      Court reporters or stenographers engaged to record deposition testimony, and their employees; and

     vi.      Such other persons as may be authorized by agreement of the parties or ordered by the Court.

3.      A copy of this Confidentiality Stipulation and Order, together with a copy of the Agreement to be Bound by Confidentiality Stipulation and Order which is attached as **Exhibit A,** shall be delivered to each person within Paragraph 2(c)(3),(4) and (5) above to whom a disclosure of confidential information is made, at or before the time of disclosure, and no disclosure shall be made to such person until such person agrees to be bound by the provisions of this Confidentiality Stipulation and Order by executing the Agreement to be Bound by Confidentiality Stipulation and Order.   In the event of a dispute concerning adherence to the provisions of Agreement to be Bound by Confidentiality Stipulation and Order

3

that cannot be worked out between the parties, the Government will provide a copy of each such executed Agreement to be Bound by Confidentiality Stipulation and Order to the Court within five business days of either party stating in writing that the dispute cannot be resolved, in order for the Court to resolve the dispute.

4.      Confidential information designated as "Attorney Eyes Only" that is disclosed during the course of these proceedings may not be disclosed to any person listed in Paragraph 2(c) of this Confidentiality Stipulation and Order, with the exception of the persons listed in Paragraphs 2(c)(i) and (ii).   With this exception, all other provisions of this Confidentiality Stipulation and Order that apply to confidential information generally shall apply to confidential information designated as "Attorney Eyes Only."   The use of the designation "Attorney Eyes Only" shall be made only upon a good-faith assessment that the material covered by such designation represents confidential, proprietary or personal information of such a sensitive nature that its dissemination cannot adequately be covered by the protections set forth in Paragraph 2 above.

5.      Any individual or entity who receives confidential information pursuant to this Confidentiality Stipulation and Order may not disclose that information except to the persons designated hereinabove and who agree to be bound by the Confidentiality Stipulation and Order.

6.      Secondary documents, including, but not limited to, notes, memoranda, analyses, and briefs that are prepared from any materials described herein that contain confidential information shall be treated in the same fashion as the underlying materials, except that the Government will be under no obligation to comply with the requirements of Paragraph 13 below with respect to such material to the extent doing so would be inconsistent with the Government's document retention policies or other applicable law.

4

8.      If the Government disputes that the County's designation of information as confidential is appropriate, it may notify the County in writing that the information will not be treated as designated.  The County will then have ten business days from receipt of such notice to make a motion to the Court, or raise the issue with the Court, seeking protection of the information at issue, during which time the parties shall continue to treat the information as "Confidential" or "Attorney Eyes Only," as designated. If no motion is made within the ten-day period described above, then the information shall no longer be considered confidential for the purposes of this Confidentiality Stipulation and Order.  If a motion is timely made, the Government and Intervenor shall continue to treat the information as designated until the motion is determined.  The obligation of confidentiality under this Confidentiality Stipulation and Order shall not apply to information (i) which is or has become public knowledge other than as direct or indirect result of the information being disclosed in breach of this Confidentiality Stipulation and Order; (ii) which is already known to the disclosee prior to such disclosure or is disclosed to the disclosee by a person having no duty of confidentiality with respect to such information; and (iii) to the extent that such disclosure is required by any law or regulation, any order of any court of competent jurisdiction or any competent judicial, governmental or regulatory body by law or by the rules or regulations of any recognized stock exchange or any securities or investment exchange, subject to Paragraph 9 hereinafter.

9.      The provisions of this Confidentiality Stipulation and Order shall not be construed as preventing any disclosure of confidential information to any judge, law clerk, or employee of this Court for purposes of this action.

10.     All information subject to confidential treatment in accordance with the terms of this Confidentiality Stipulation and Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any confidential information produced, shall be filed under seal and kept under seal until further order of the

5

Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

11.   The production of information or documents by the County shall not constitute a waiver of the right to designate the information or documents as "Confidential" or "Attorney Eyes Only" provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after any joint or independent motion to vacate the Consent Decree or fourteen (14) days after the production of the document or information. In the event of such a designation, the Government shall from that point forward treat the information or documents in accordance with the designation as set forth in this Confidentiality Stipulation and Order.

12.   In the event any confidential information produced by the County is the subject of or responsive to a Freedom of Information Act ("FOIA") request, subpoena, court order, or other information request requiring its disclosure, the Government will provide immediate notice to the County's Counsel and to any Responders whose confidential information is at issue. The Government shall not object to the County's appearance to protect its interest in maintaining the information as confidential. The Government will notify the requesting entity of the existence of the confidentiality order, and that they will not respond to the request without first allowing the County a reasonable opportunity of no less than ten days to intervene.

13.   Upon the conclusion of this litigation, all confidential information supplied by the County, and all copies thereof, shall be returned to the County or its counsel or such confidential discovery materials shall be certified in writing to have been destroyed, or shall otherwise be disposed of as ordered by the Court.

14.   The obligations of the Government, the Intervenor, the County under this Confidentiality Stipulation and Order shall survive the termination of this action to the extent permitted by law and official Government policy.

6

15.   The County and the Government will be bound by the terms of this Confidentiality Stipulation and Order immediately upon execution by their counsel. Either the County, the Government, or the Intervenor may submit this Confidentiality Stipulation and Order to the Court for its so ordering.  The stipulated provisions are severable.  If any are found to be invalid, all other provisions shall remain fully valid and enforceable.

U.S. DEPARTMENT OF JUSTICE –
EMPLOYMENT LITIGATION SECTION
*ATTORNEYS FOR THE UNITED STATES OF AMERICA*
4 Constitution Square
150 M St. NE, Room 9.1139
Washington, District of Columbia 20002
(202) 616-3874

By: _____
      TARYN WILGUS NULL

Dated: November 25, 2019

NASSAU COUNTY ATTORNEY'S OFFICE
*ATTORNEYS FOR DEFENDANTS*
1 West Street
Mineola, New York 11501
(516) 571-3056

By: _____
      SUSAN M. TOKARSKI, ESQ.

Dated: 11/26/2019

SO ORDERED on this ____ day of _____, 2019

_____
United States District Judge

7

**EXHIBIT A**

**AGREEMENT TO BE BOUND
BY CONFIDENTIALITY STIPULATION AND ORDER**

The undersigned hereby acknowledges that he/she received a copy of the Confidentiality Stipulation and Order, dated _____, in the action titled United States of America v. Nassau County, et al., Civ. Action No.: 77-c-1881, pending in the United States District Court for the Eastern District of New York, has read same, and agrees to: (1) be bound by all of the provisions thereof, regardless of whether it has yet been entered by the Court; and (2) submit to the jurisdiction of the United States District Court for the Eastern District of New York for all matters relating to his/her compliance with the obligations under the Protective Order.

Dated: _____            _____
                                      Name

                                      _____
                                      Signature

8

4833-8059-0660, v. 1