UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA,

                        Plaintiff,                      **ORDER**

  -against-                                      77-CV-1881 (JS)

NASSAU COUNTY, et al.

                       Defendants.
-------------------------------------------------------x

On April 21, 1982, the Court approved and entered a Consent Decree ("the 1982 Consent Decree") in United States v. Nassau County, et. al., 77-CV-1881, agreed and consented to by all parties in this action, i.e., plaintiff the United States of America ("United States"), defendants Nassau County, Nassau County Commissioner of Police, Nassau County Civil Service Commission (collectively "Nassau County defendants"), defendant Police Benevolent Association of Nassau County ("PBA") and defendant-in-intervention Superior Officers Association of Nassau County, Inc. ("SOA").

The parties currently remain under the Court's jurisdiction as a result of the 1982 Consent Decree, which was entered by Judge George C. Pratt. The 1982 Consent Decree was entered to ensure "that Blacks, Hispanics and females are considered for employment by Nassau County in the [Police Department] on an equal basis with white males" (1982 Consent Decree ¶ 1).

Pursuant to N.Y. Civil Service Law § 56 and the terms of the Consent Decree, the current list for Police Officers was established on June 20, 2019 ("Current Police Officer List"), by the Nassau County Civil Service Commission.

Pursuant to N.Y. Civil Service Law § 56 and the terms of the Consent Decree, the current list for Police Sergeants was established on June 12, 2018 ("Current Sergeant List"), by the Nassau County Civil Service Commission.

Under New York law, a municipal appointing authority may use a competitive civil service list for no more than four years. See N.Y. Civil Service Law §56.

The Court finds that good cause has been shown for this extension and that it is consistent with the provisions and purposes of the Consent Decree.

ACCORDINGLY, **IT IS HEREBY ORDERED**:

Nassau County, the Nassau County Civil Service Commission, the Nassau County Commissioner of Police, the Nassau County Police Department, **may continue to use**:

a. The Current Police Officer List in accordance with the provisions of the Consent Decree until the earlier of (1) June 20, 2024 or (2) the establishment and certification of a new eligible list of candidates for Police Officer, whichever occurs first; and

b. The Current Sergeant List in accordance with the provisions of the Consent Decree until the earlier of (1) June 12, 2024 or (2) the establishment and certification of a new eligible list of candidates for Police Sergeant promotional, whichever occurs first.

**IT IS FURTHER ORDERED** that by no later than May 24, 2024, Defendant Nassau County file a status report with the Court advising what steps have been or will be taken to establish and certify new eligible lists for Police Officers and Sergeants.

ENTERED this 2nd day of June 2023 in Central Islip, New York.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.